ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JAVIER DE JESÚS CARRASQUILLO<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | **KLRA202400699** | *REVISIÓN ADMINISTRATIVA* procedente de Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 148245<br><br>Sobre: Concesión Libertad Bajo Palabra |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 5 de marzo de 2025.

Comparece ante este foro el Sr. Javier De Jesús Carrasquillo (señor De Jesús o "el recurrente") y solicita que revisemos una *Resolución* emitida por la Junta de Libertad Bajo Palabra (JLBP), notificada el 7 de noviembre de 2024. Mediante el referido dictamen, la JLBP determinó que no ostentaban jurisdicción para atender la solicitud de libertad bajo palabra de conformidad con la Ley Núm. 85-2024.

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** el dictamen recurrido.

## I.

Según surge del expediente, el señor De Jesús cumple una pena de diez (10) años de prisión en la institución Guayama 500, bajo la custodia del Departamento de Corrección y Rehabilitación (DCR), por los siguientes delitos: Artículo 133-Actos Lascivos del Código Penal y Artículo 58 Ley 246. En la *Hoja de Control Sobre Liquidación de Sentencias*, expone que el recurrente, desde el 29 octubre de 2024 cumplió con el

Número Identificador

SEN2025 _____

mínimo de la sentencia, por lo que, cumpliría tentativamente la máxima el 29 de abril de 2027.[1]

Luego de la vista de consideración, el 27 de septiembre de 2024, siendo notificada el 7 de noviembre de 2024, la JLBP emitió una *Resolución*, mediante la cual determinó que el recurrente "fue convicto por Actos Lascivos (4 casos) y Artículo 58 Ley 246 Maltrato/Conducta constituida de naturaleza obscena o en abuso sexual-(2 casos). Por lo cual, en virtud de lo dispuesto en la Sección 3 de la Ley Núm. 85-2024, la Junta carece de jurisdicción para atender el caso."[2]

En desacuerdo, el 14 de noviembre de 2024, el señor De Jesús presentó una *Moción de Reconsideración de No Jurisdicción (Ley N Núm. Um 85-2024) [sic] para la concesión de Libertad Bajo Palabra*.[3] En esencia, alegó que conforme al Código Penal del 2012 y el derecho penal vigente al momento de haber sido sentenciado, tenía derecho a disfrutar de la libertad bajo palabra una vez cumplió con el 75% de la sentencia impuesta. Por lo que, permitir la aplicación retroactiva de la Ley Núm. 85 violaba sus derechos constitucionales.

No obstante, conforme surge del expediente ante nuestra consideración, la JLBP nunca se expresó sobre la moción de reconsideración. Así las cosas, el 20 de diciembre de 2024, el recurrente presentó el recurso ante nuestra consideración. Mediante este le imputó a la JLBP el siguiente señalamiento de error:

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA JLBP AL DECLARARSE SIN JURISDICCIÓN EN EL PRESENTE CASO FUNDAMENTÁNDOSE EN LA LEY 85-2024

---

[1] *Hoja de Control Sobre Liquidación de Sentencias*, anejo I, pág. 1 del apéndice del recurso.
[2] *Resolución*, anejo VIII, págs. 24-26 del apéndice del recurso.
[3] *Moción de Reconsideración de No Jurisdicción (Ley Núm. 85-2024) para la concesión de Libertad Bajo Palabra*, anejo X, págs. 27-33 del apéndice del recurso.

CUANDO LA APLICACIÓN RETROACTIVA DE ESTA LEY RESULTA EN LA VIOLACIÓN AL PRINCIPIO CONSTITUCIONAL CONTRA LAS LEYES EX POST FACTO EN CLARA VIOLACIÓN AL DEBIDO PROCESO DE LEY.

El 13 de enero de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término dispuesto en el Reglamento de este Tribunal.

El 21 de enero de 2025, la JLBP, representada por la Oficina del Procurador General de Puerto Rico, presentó un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. En esta, indicaron que la JLBP asumiría jurisdicción sobre la solicitud del señor De Jesús para aclarar únicamente si el recurrente cumple o no con los criterios para conceder el privilegio de libertad bajo palabra. Por ello, solicitaron la desestimación del recurso al tornarse académico.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso de epígrafe.

**II.**

**-A-**

El Artículo 4.006(c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga la competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas. Ley Núm. 201-2003, 4 LPRA sec. 24y(c). Véase, además: *Autoridad de carreteras y Transportación v. Programa*, 210 DPR 897, 908 (2022); *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014). La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme a la ley y de forma razonable. *Unlimited v. Mun. de Guaynabo*, 183 DPR 947,

965 (2011); *Empresas Ferré v. ARPe*, 172 DPR 254, 264 (2007). Esta doctrina dispone que corresponde a los tribunales examinar si las decisiones de las agencias administrativas fueron tomadas dentro de los poderes delegados y si son compatibles con la política pública que las origina. *Rolón Martínez v. Caldero López*, 201 DPR 26, 35 (2018).

A esos efectos, la revisión judicial comprende tres aspectos: (i) la concesión del remedio apropiado; (ii) la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial; y, (iii) la revisión completa de las conclusiones de derecho. *Batista, Nobre v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Mun. de. San Juan v. JCA*, 149 DPR 263, 279-280 (1999).

Dentro de este marco, nuestro Tribunal Supremo ha reiterado que los tribunales apelativos, al ejercer su función revisora, deben conceder una gran deferencia a las decisiones emitidas por las agencias debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados. *Rolón Martínez v. Caldero López, supra. Asoc. Fcias. v. Caribe Specialty et al. II.,* supra*, 940. Por un lado, nuestro más Alto Foro ha enfatizado que los tribunales, aplicando el criterio de razonabilidad y deferencia, no alterarán las determinaciones de hechos de las agencias, siempre que surja del expediente administrativo evidencia sustancial que las sustente. *Íd*.

Igualmente, las determinaciones de los entes administrativos tienen una presunción de legalidad y

corrección que los tribunales deben respetar mientras la parte que las impugna no presente la evidencia suficiente para derrotarlas. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008). A la luz de esto, los tribunales deben ser cautelosos al intervenir con las conclusiones e interpretaciones de los organismos administrativos especializados. *Íd*. Ahora bien, esta deferencia reconocida a las decisiones de las agencias administrativas cede en algunas situaciones: (i) cuando la decisión no esté basada en evidencia sustancial; (ii) cuando la agencia haya errado en la aplicación de la ley; (iii) cuando su actuación resulte ser arbitraria, irrazonable o ilegal; y (iv) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. *Capote Rivera v. Voili Voila Corporation*, 2024 TSPR 29, 213 DPR __ (2024); *Super Asphalt Pavement, Corp. V. AFI y otros*, 206 DPR 803, 819 (2021); *The Sembler Co. v. Mun. de Carolina,* 185 DPR 800, 822 (2012), citando a *Empresas Ferrer v. ARPe,* supra.

No obstante, nos corresponde puntualizar que, los tribunales revisores no intervendremos en las determinaciones de hechos siempre y cuando surja del expediente administrativo evidencia sustancial que las respalde. *The Sembler Co. v. Mun. De Carolina*, supra. La evidencia sustancial es aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Capó Cruz v. Jta. de Planificación et al.,* supra, pág. 591; *Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). En cambio, a tenor con la Sección 4.5 de la LPAU, *supra*, tenemos autoridad para revisar las conclusiones de derecho en todos sus

aspectos. 3 LPRA sec. 9675. Es decir, ostentamos la facultad para revisarlas completa y absolutamente. *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 745 (2012); *Assoc. Ins. Agencies, Inc. v. Com. Seg. PR*, 144 DPR 425, 436 (1997). Sin embargo, esto no implica "la sustitución automática del criterio e interpretación del organismo administrativo". *Capó Cruz v. Junta de Planificación*, supra, pág. 591; *Rolón Martínez v. Caldero López*, 201 DPR 26, 36 (2018).

En consonancia con lo anterior, es menester destacar que los dictámenes de las autoridades correccionales merecen gran deferencia. *Cruz Negrón v. Administración de Corrección,* 164 DPR 341, 357 (2005). Al respecto, el Tribunal Supremo de Puerto Rico establece lo siguiente:

> Por lo general, la composición de estos comités la conforman peritos en el campo tales como técnicos socio penales y oficiales o consejeros correccionales. Estos profesionales cuentan con la capacidad, la preparación, el conocimiento y la experiencia necesarios para atender las necesidades de los confinados y realizar este tipo de evaluaciones. Por esta razón, una determinación formulada por el referido Comité debe ser sostenida por el foro judicial siempre que no sea arbitraria o caprichosa y esté fundamentada en evidencia sustancial. Es decir, siempre que la decisión sea razonable, cumpla con el procedimiento establecido en las reglas y los manuales, y no altere los términos de la sentencia impuesta, el tribunal deberá confirmarla. *Íd.*, págs. 354-355.

A la luz de su conocimiento especializado, la determinación agencial merece deferencia sustancial aun cuando no sea la única razonable*. Torres Santiago v. Depto. Justicia,* 181 DPR 969, 1003 (2011). Esta normativa contempla que las instituciones correccionales "están en mejor posición para resolver las controversias surgidas en torno a los asuntos que le fueron

encomendados por ley". *Cruz Negrón v. Administración de Corrección,* supra, págs. 355-356.

-B-

La Junta de Libertad Bajo Palabra fue creada mediante la aprobación de la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1501 *et seq.* Este organismo tiene la autoridad de conceder a cualquier persona recluida en una institución correccional de Puerto Rico el privilegio de cumplir la última parte de su condena en libertad bajo palabra. 4 LPRA sec. 1503; *Benítez Nieves v. ELA*, 202 DPR 818, 825, 835 (2019); *Maldonado Elías v. González Rivera,* 118 DPR 260, 275 (1987). Es menester señalar que "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la JLBP." *Quiles v. Del Valle*, 167 DPR 458, 475 (2006).

A esos fines, el Artículo 4 de la Ley Núm. 118-1974, *supra*, regula la jurisdicción de la JLBP de la siguiente manera:

> En los casos de las personas convictas conforme al vigente Código Penal del Estado Libre Asociado, la elegibilidad de los casos para consideración por la Junta se determinará conforme a la clasificación de gravedad de delito y a las condiciones para su concesión que establece el mencionado cuerpo legal. 4 LPRA sec. 1504.

Considerado este requisito jurisdiccional, la JLBP tendrá facultad para evaluar si procede conceder el privilegio de libertad bajo palabra a la luz de una serie de requisitos establecidos en el Artículo 3-D de la precitada Ley. 4 LPRA sec. 1503d. De cumplir con tales criterios, el solicitante del privilegio tendrá la oportunidad extinguir la última parte de su sentencia fuera de la institución penal sujeto a la observancia de

las condiciones que se impongan para conceder la libertad. *Quiles v. Del Valle*, supra, pág. 475.

No obstante, la libertad bajo palabra sólo será decretada en consideración del mejor interés de la sociedad y cuando las circunstancias permitan creer con razonable certeza que tal medida habrá de lograr la rehabilitación moral y económica del confinado. Art. 3, Ley Núm. 118, *supra*, 4 LPRA sec. 1503. Véase, además: *Lebrón Pérez v. Alcaide, Cárcel de Distrito*, 91 DPR 567, 570 (1964).

-C-

La Constitución de Puerto Rico al igual que la Constitución de Estados Unidos prohíben aplicar leyes *ex post facto.* Art. II, Sec. 12, Const. PR, LPRA, Tomo 1; Art. I, Sec. 10, Cl. 1, Const. EE. UU, LPRA, Tomo 1. Esta limitación constitucional busca prohibir la aplicación retroactiva de una ley que agrave para el acusado su relación con el delito, la oportunidad de defenderse y la forma de cumplir con una sentencia o su extensión. *Pueblo v. Ferrer Maldonado*, 201 DPR 974, 991 (2019). En virtud de esta cláusula, "se intenta asegurar que el Estado no utilice el poder coercitivo de forma arbitraria o vengativa". *González Fuentes v. ELA*, 167 DPR 400, 408 (2006).

A esos fines, nuestro estado de derecho reconoce como leyes *ex post facto* aquellas legislaciones que presenten algunos de estos escenarios: (1) leyes que criminalizan y castigan un acto que, al ser realizado, no era delito; (2) las que agravan un delito o lo hacen mayor de lo que era al momento de ser cometido; (3) las que alteran el castigo imponiendo una pena mayor que la fijada para el delito al momento de ser cometido, y (4)

las que alteran las reglas de evidencia, exigiendo menos prueba que la requerida por la ley al momento de la comisión del delito para castigar al acusado o reducir el quantum de evidencia necesario para encontrarlo culpable. *Pueblo v. Ferrer Maldonado*, supra, pág. 990; *Pueblo en interés menor FRF,* 133 DPR 172, 180 esc. 14 (1993).

En *González v. ELA*, supra, pág. 409, nuestro Tribunal Supremo especificó que esta prohibición opera cuando una ley elimina retroactivamente bonificaciones por buen comportamiento que estaban vigentes cuando el acusado realizó la conducta delictiva. A su vez, en *Pueblo en interés menor FRF*, supra, pág. 180, realizó la siguiente expresión:

> Si aplicáramos la Ley de Menores de 1986 a los hechos ocurridos el 9 de febrero de 1986, ello equivaldría a la aplicación *ex post facto* de una ley en detrimento del menor, habida cuenta que se le estaría juzgando bajo términos y condiciones más onerosos que los impuestos por la ley vigente a la fecha en que alegadamente se perpetraron los hechos, lo cual es constitucionalmente impermisible.

En esa dirección, al examinar si una ley penal resulta "más onerosa que la vigente al momento de la comisión de los hechos es necesario examinar si, en comparación con el viejo estatuto, la nueva ley tiene el efecto de alargar el término de reclusión que habría de ser cumplido por el sujeto." *Íd.* Una vez se efectúa ese análisis, la protección constitucional solo se activa cuando el estatuto que pretende aplicar retroactivamente es más oneroso que el que estaba vigente a la fecha en que se cometió la ofensa. *Corretger v. Adm. Corrección*, 172 DPR 320, 324 (2007).

**-D-**

En contraste con la prohibición constitucional de leyes *ex post facto*, el principio de la favorabilidad es de carácter estatutario, pues surge como un acto de gracia legislativa. *Pueblo v. DiCristina Rexach*, 204 DPR 779, 786 (2020); *Pueblo v. González*, 165 DPR 675, 684 (2005). Nuestra legislatura adoptó por vez primera este principio en el Código Penal de 1974. *Pueblo v. González,* supra, págs. 684-685. No obstante, en la Ley Núm. 146-2012, 33 LPRA 5003, según enmendado, regula el principio de favorabilidad de la siguiente manera:

> La ley penal aplicable es la vigente al momento de la comisión de los hechos.
>
> La ley penal tiene efecto retroactivo en lo que favorezca a la persona imputada de delito. En consecuencia, se aplican las siguientes normas:
>
> (a) Si la ley vigente al tiempo de cometerse el delito es distinta de la que exista al procesar al imputado o al imponerle la sentencia, se aplicará siempre la ley más benigna.
>
> (b) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley más benigna en cuanto a la pena o al modo de ejecutarla, se aplicará retroactivamente.
>
> (c) Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley que suprime el delito, o el Tribunal Supremo emite una decisión que despenalice el hecho, la pena quedará extinguida y la persona liberada, de estar recluida o en restricción de libertad.
>
> En estos casos los efectos de la nueva ley o de la decisión judicial operarán de pleno derecho.[4]

---

[4] Citamos esta disposición, toda vez que el Artículo 1 del Código Penal (2012), *supra*, establece que "[l]os principios contenidos en el Libro Primero de la Parte General de este Código aplican a la conducta regulada por otras leyes penales, salvo que éstas dispongan lo contrario". 33 LPRA sec. 5001. No obstante, en aras de despejar cualquier duda, aludimos al Artículo 4 del Código Penal de 1974, el cual dispone lo siguiente:

> Las leyes penales no tienen efecto retroactivo, salvo en cuanto favorezcan a la persona imputada de delito.
>
> Si la ley vigente al tiempo de cometerse el delito fuere distinta de la que exista al imponerse la sentencia, se aplicará siempre la más benigna.
>
> Si durante la condena se aprobare una ley más benigna en cuanto a la pena o al modo de ejecución la misma se limitará a lo establecido por esa ley.

Por lo tanto, las leyes penales tendrán efecto retroactivo mientras beneficien al imputado. *Pueblo v. Thompson Faberlle,* 180 DPR 497, 504 (2010). Ello tiene como propósito evitar la aplicación arbitraria e irracional de la ley penal, pues "el principio republicano de gobierno exige la racionalidad de la acción del estado y esta es afectada cuando, por la mera circunstancia de que un individuo haya cometido el mismo hecho con anterioridad a otro, se le trate más rigurosamente." *Pueblo v. Torres Cruz*, 194 DPR 53 (2015), citando a L.E. Chiesa Aponte, *Derecho Penal Sustantivo*, 2da ed., San Juan, Pubs. JTS, 2013, pág. 59).

Sin embargo, como el principio de favorabilidad no tiene rango constitucional, la aplicación retroactiva de las leyes penales queda a prerrogativa del legislador. *Pueblo v. Hernández García*, 186 DPR 656, 673 (2012); *Pueblo v. González*, supra, pág. 708. En efecto, previo a aplicar retroactivamente un nuevo estatuto penal en beneficio de una persona, se debe determinar si el legislador no ha limitado tal alcance. *Íd*.

Así pues, se debe evaluar si la ley posterior más favorable contiene una cláusula de reserva que lo impida. D. Nevares-Muñiz, *Código Penal de Puerto Rico*, 4ta ed. rev., San Juan, Inst. para el Desarrollo del Derecho, 201, pág. 10. En *Pueblo v. Torres Cruz*, supra, pág. 61, nuestro Más Alto foro resolvió que la Ley Núm. 246-2014 no contenía una cláusula de reserva que

---

En los casos de la presente sección los efectos de la nueva ley operarán de pleno derecho.

Nótese que el precitado artículo regula el principio de favorabilidad de manera similar al Código Penal vigente.

prohibiera su aplicación retroactiva. A los fines de sustentar su dictamen, emitió el siguiente razonamiento legal:

> Salvo que la Asamblea Legislativa disponga otra cosa mediante una cláusula de reserva, es imposible impedir, *a priori*, que una persona renuncie a invocar posteriormente los beneficios de una legislación que le aplica y le puede beneficiar. En otras palabras, no hay forma de impedir que la Asamblea Legislativa, retroactivamente, decida que, por virtud del principio de favorabilidad, procede reducir la pena de una persona convicta. *Íd.*, pág. 69.

De otro lado, un argumento a favor del principio de favorabilidad puede surgir en el contexto de la derogación de una legislación. Sobre este particular, nuestro Tribunal Supremo en *Pueblo v. Álvarez Torres*, 127 DPR 830, 839 (1991) advierte que, si el poder legislativo no incluye una cláusula de reserva general, ello no impide aplicar la ley derogada:

> [S]i la Asamblea Legislativa, al derogar una ley penal, interesa impedir el procesamiento criminal bajo la misma de todo caso pendiente ante los tribunales a la fecha de la derogación, viene en la obligación de así manifestarlo expresamente; de lo contrario, la derogación de la ley no constituirá impedimento para que los procedimientos judiciales pendientes continúen adelante.

Otra consideración vinculada con el principio de favorabilidad son las leyes intermedias. El profesor Chiesa Aponte explica que "[u]na ley intermedia es aquella que solo estuvo en vigor durante un periodo posterior a la comisión de los hechos anterior a la sentencia." L.E. Chiesa Aponte, *Derecho Penal Sustantivo*, supra, pág. 61. En tales escenarios, hay una sucesión de tres estatutos penales, a saber: (1) el vigente durante la comisión de los hechos, (2) el vigente al momento de la sentencia, y (3) el vigente entre esos dos momentos (ley intermedia). *Íd.*

Según el criterio del profesor Chiesa Aponte, "las leyes intermedias más favorables deben aplicar[se] retroactivamente." *Íd*., pág. 62. No obstante, en *González Fuentes v. ELA*, supra, pág. 419, esc. 9., el Tribunal Supremo de Puerto Rico identificó el contexto en el cual opera una ley intermedia. Sin embargo, puntualiza que este tipo de legislación queda fuera del principio de favorabilidad:

> Debemos señalar, además, que el Reglamento Núm. 5065 de la Administración de Corrección de 4 de mayo de 1994, que les concedía a los convictos la posibilidad de cualificar para el privilegio de libertad bajo supervisión electrónica, constituye una "ley intermedia" a los fines del principio de favorabilidad. Ello se debe a que dicha regulación no estaba vigente ni al momento de cometerse los hechos, ni al momento de sentenciar a los convictos, ni al momento cuando se les concedió erróneamente la libertad bajo el referido programa. Las leyes intermedias quedan fuera del principio de favorabilidad.

**-E-**

Nuestro ordenamiento jurídico promulga el derecho a la rehabilitación. Artículo IV, Sección 19, Const. PR, LPRA Tomo I. Conforme a lo anterior, el Poder Legislativo de Puerto Rico adoptó la Ley Núm. 85 de 11 de octubre de 2022 (Ley Núm. 85-2022).[5] Nuestra Asamblea Legislativa diseñó este cuerpo legal para garantizar el siguiente propósito:

> Con la presente medida se busca establecer una manera justa, retributiva y rehabilitadora, que le permita a aquella persona convicta por varios delitos el poder ser considerada para libertad bajo palabra al cumplir con los términos de la sentencia más onerosa relacionada directamente con alguno de los delitos por los cuales fue encontrado culpable. Exposición de Motivos de la Ley Núm. 85-2022, *supra*.

En lo atinente, la Sección 1 de la Ley Núm. 85-2022 enmienda el Artículo 308 de la Ley Núm. 146-2012, 33

---

[5] La versión de Leyes de Puerto Rico Anotadas de esta pieza legislativa corresponde a las codificaciones de la serie de leyes matrices enmendadas por la ley en cuestión.

LPRA sec. 5416, conocida como el *Código Penal de Puerto Rico* (2012) para que lea como sigue:

> Artículo 308. Términos para cualificar para consideración de la Junta de Libertad bajo Palabra.
>
> Toda persona convicta bajo las disposiciones de este Código podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.
>
> En delitos graves cuyo término de reclusión señalada en el tipo sea de cincuenta (50) años, la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir quince (15) años de su sentencia o cinco (5) años si se trata de un menor de edad procesado y sentenciado como adulto.
>
> En caso de la persona convicta de asesinato en primer grado, un delito cuya pena sea de noventa y nueve (99) años o reincidencia habitual la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra, al cumplir veinticinco (25) años de su sentencia, o diez (10) años, si se trata de un menor de edad procesado y sentenciado como adulto. Las personas convictas al amparo del inciso (c) del Artículo 93 estarán excluidas del privilegio de libertad bajo palabra.
>
> En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

Asimismo, la Sección 2 de la precitada legislación, enmienda la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA 1503, conocida como la *Ley de la Junta de Libertad Bajo Palabra*, de la siguiente manera:

Artículo 3. – Autoridades, deberes y poderes de la Junta

La Junta de Libertad Bajo Palabra tendrá la siguiente autoridad, poderes y deberes:

[…]

(6) En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

Podrá así mismo decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que haya sido convicta conforme a las disposiciones de la Ley 146-2012, conocida como "Código Penal de Puerto Rico de 2012" al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.

En caso de la persona convicta de asesinato en primer grado bajo la Ley 146-2012, esta podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir veinticinco (25) años de su sentencia, o diez (10) años, si se trata de un menor de edad procesado y sentenciado como adulto.

La Junta podrá considerar para la libertad bajo palabra a aquellas personas que hayan utilizado o intentado utilizar un arma de fuego ilegal en la comisión de un delito grave o su tentativa, según definido en la Ley 146-2012, según enmendada. La Junta podrá conceder el beneficio cuando se ha determinado reincidencia habitual por delitos no violentos al cumplir veinticinco (25) años de su sentencia de reclusión, pero no podrá conceder el beneficio cuando la persona haya resultado convicta por delitos de agresión sexual o pornografía infantil en cualquiera de sus modalidades, según definidos en la Ley 146-2012, según enmendada. Antes de conceder el beneficio, la Junta considerará todas las disposiciones contenidas en el Artículo 3-B de esta Ley y lo

que contemplan en la Ley 22-1988, mejor conocida como la Ley de la "Carta de Derechos de Víctimas y Testigos de Delito", según enmendada, para garantizarle a las víctimas todos los derechos.

Finalmente, la Sección 3 de la Núm. 85-2022, *supra*, dispone el alcance retroactivo de esta ley:

> Esta Ley aplicará de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada. Las cláusulas de prohibiciones absolutas de libertad bajo palabra en los delitos de leyes penales especiales no serán aplicables al caso de menores juzgados y sentenciados como adultos cuando contravengan lo aquí establecido.

Nótese que esta legislación guarda silencio en torno a su efecto retroactivo en atención a aquellos casos en los que una persona cumple sentencia por agresión sexual, violación, actos lascivos, sodomía, secuestro, secuestro agravado, entre otros. Ante tal realidad, nuestra legislatura en el año 2024 enmendó la presente ley mediante la aprobación de la Ley Núm. 85-2024.

**-F-**

La Constitución de Puerto Rico declara que la dignidad del ser humano es inviolable, y a su vez, establece que los seres humanos son iguales ante la ley. Art. II, Sec. 1 Const. PR, LPRA, Tomo 1. En virtud de tales principios, la Asamblea Legislativa de Puerto Rico adoptó la Ley Núm. 85 del 28 de mayo de 2024 (Ley Núm. 85-2024).[6] Esta legislación procura salvaguardar el derecho de las víctimas de aquellos delitos de agresión sexual en todas sus modalidades, entiéndase, agresión sexual conyugal, violación, actos lascivos, sodomía,

---

[6] La versión de Leyes de Puerto Rico Anotadas de esta pieza legislativa corresponde a las codificaciones de la serie de leyes matrices enmendadas por la ley en cuestión.

incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas.

De acuerdo con la legislatura, es un imperativo "atemperar esta Ley a los tiempos que vivimos, donde los casos de esta índole cada día son más notorios y a su vez, atroces". Exposición de Motivos de la Ley Núm. 85-2024, *supra*. A los fines de alcanzar este propósito, la Ley Núm. 85-2024, *supra*, contempla tres importantes enmiendas. La Sección 1 de esta legislación enmienda el Artículo 308 de la Ley Núm. 146-2012, 33 LPRA sec. 5416, conocida como *Código Penal de Puerto Rico* para que lea de la siguiente manera:

> Artículo 308-. Términos para cualificar para consideración de la Junta de Libertad bajo Palabra.
>
> […]
>
> Las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, actos lascivos, violación, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, **no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012**. La Ley Núm. 118 de 22 de julio de 1974, según enmendada, o el estatuto que sea aprobado en lo sucesivo, dispondrá los restantes delitos que no cualificarán para este privilegio. (Énfasis nuestro).

A su vez, la Sección 2 de la precitada legislación enmienda el Artículo 3 de la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1503, conocida como la *Ley de la Junta de Libertad Bajo Palabra*, de la siguiente manera:

> Artículo 3.-Autoridad, Poderes y Deberes de la Junta.
>
> La Junta de Libertad Bajo Palabra tendrá la siguiente autoridad, poderes y deberes:
>
> (a) Podrá decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que hubiere sido o fuere convicta por delitos cometidos con anterioridad a la fecha de

vigencia de la ley que establece el Sistema de Sentencia Determinada en Puerto Rico, o que hubiere sido o fuere convicta por delitos bajo la ley que establece el Sistema de Sentencia Determinada en Puerto Rico, cuando haya satisfecho la multa dispuesta en el Artículo 49-C de la Ley Núm. 115 de 22 de julio de 1974, según enmendada, y haya cumplido la mitad de la sentencia fija que le ha sido impuesta, excepto cuando la persona haya sido convicta bajo dicho sistema de sentencia determinada por asesinato en primer grado, en cuyo caso el convicto no será elegible para el beneficio de libertad bajo palabra. De igual forma, en los casos de asesinato en primer grado cometidos bajo la modalidad comprendida en el inciso (b) del Artículo 83 de la derogada Ley Núm. 115 de 22 de julio de 1974, según enmendada, la Junta no podrá decretar la libertad bajo palabra.

Podrá así mismo decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico que ha sido convicta conforme a la clasificación de gravedad del delito y a las condiciones para su concesión que establecía la derogada Ley 149-2004, según enmendada, conocida como "Código Penal de Puerto Rico de 2004":

[…]

De igual forma, las personas convictas por los delitos de agresión sexual en todas sus modalidades, incluyendo la tentativa, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.

Por último, la precitada ley instaura una cláusula de exclusión de la jurisdicción de la Junta de Libertad Bajo Palabra. A su vez, mediante este estatuto se enmienda la Ley Núm. 85-2022, *supra*, para aclarar que no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas. A continuación, se cita la referida Sección 3 contenida en la Ley Núm. 85-2024, *supra*:

Sección 3.-Cláusula de Exclusión de Jurisdicción de la Junta de Libertad Bajo Palabra.

**La Junta no tendrá jurisdicción para atender los casos de las personas convictas por los delitos de agresión sexual en todas sus**

**modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.**

La Ley 85-2022 no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas, conforme a la clara intención de la Decimonovena Asamblea Legislativa de no extender este privilegio a los ofensores de la ley descritos en el párrafo anterior.

La Ley 85-2022 no surtirá efecto en el cálculo de la sentencia de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.

Los participantes que ya estén disfrutando del privilegio de libertad bajo palabra por la comisión de los delitos dispuestos en esta Ley y que sean revocados con posterioridad a su aprobación, no se les concederá nuevamente este privilegio.

**Las personas que al momento de la aprobación de esta Ley estén referidas bajo la consideración de la Junta de Libertad Bajo Palabra sin que haya una determinación final, no cualificarán para este privilegio, indistintamente de la etapa procesal en que se encuentre la referida solicitud.** (Énfasis nuestro).

## III.

Como cuestión de umbral, debemos resolver la controversia jurisdiccional planteada en la solicitud de desestimación presentada por la Oficina del Procurador General de Puerto Rico. En esencia, indicaron que la JLBP estaría asumiendo jurisdicción sobre la solicitud del recurrente, por lo que, el recurso se tornó académico. No obstante, determinamos que no procede la solicitud de desestimación del recurso de epígrafe. El recurso de revisión fue presentado oportunamente ante

este Foro, por lo que, la JLBP perdió su jurisdicción para atender la solicitud.

Así pues, procedemos a atender el señalamiento de error formulado por el recurrente. Veamos.

En el caso de autos, el señor De Jesús alega que erró la JLBP al declararse sin jurisdicción fundamentándose en la Ley Núm. 85-2024, *supra*, puesto que, aplicar dicha Ley de manera retroactiva resulta en una violación al principio constitucional contra las leyes *ex post facto*. Añadió que, su aplicación aumentaría la pena del delito, siendo más onerosa la forma de cumplir su sentencia. Razona que, dicha Ley "elimina los delitos por los que cumple de ser considerado al privilegio de libertad bajo palabra sin la consideración de su proceso de rehabilitación ni los ajustes institucionales que haya tenido por los pasados 28 años de reclusión y cambia el estado de derecho del momento en que se dictó su sentencia." Por ello, solicitó la revocación de la determinación recurrida, y que se ordene la continuación del proceso ante la JLBP.

Conforme señalamos previamente, las agencias administrativas son criaturas de la ley habilitadora que las crea. *Ayala Hernández v. Consejo Titulares*, 190 DPR 547, 559 (2014). Por ello, éstas solo podrán asumir jurisdicción sobre una actividad, materia o conducta autorizada por ley para ello. *Rolón Martínez v. Caldero López,* supra. De lo contrario, su actuación seria *ultra vires* y, por tanto, improcedente en derecho. *J. Exam. Tec. Med. v. Elias et al*, 144 DPR 483, 492 (1997).

En este caso, el recurrente está extinguiendo una pena por delitos de actos lascivos bajo el Código Penal y maltrato/conducta constitutiva de naturaleza obscena

o abuso sexual bajo la Ley Núm. 246-2012. La Sección 3 de la Ley Núm. 85-2024 dispone:

> **La Junta no tendrá jurisdicción para atender los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, incluyendo sus tentativas, no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.**
>
> La Ley 85-2022 no aplicará retroactivamente a las personas convictas por estas actuaciones delictivas, conforme a la clara intención de la Decimonovena Asamblea Legislativa de no extender este privilegio a los ofensores de la ley descritos en el párrafo anterior.
>
> La Ley 85-2022 no surtirá efecto en el cálculo de la sentencia de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los Códigos Penales de 1974, 2004 y 2012.
>
> Los participantes que ya estén disfrutando del privilegio de libertad bajo palabra por la comisión de los delitos dispuestos en esta Ley y que sean revocados con posterioridad a su aprobación, no se les concederá nuevamente este privilegio.
>
> **Las personas que al momento de la aprobación de esta Ley estén referidas bajo la consideración de la Junta de Libertad Bajo Palabra sin que haya una determinación final, no cualificarán para este privilegio, indistintamente de la etapa procesal en que se encuentre la referida solicitud.** (Énfasis nuestro).

Ciertamente, el estado de derecho vigente excluyó a las personas convictas por violación, agresión sexual, actos lascivos, secuestro y secuestro agravado del privilegio de libertad bajo palabra de acuerdo con la Sección 3 de la Ley Núm. 85-2024, *supra*. A su vez, determinamos que la aplicación retroactiva de la precitada ley no coloca al señor De Jesús en una situación onerosa a la luz de los criterios discutidos

respecto a las leyes *ex post facto*. El beneficio de la libertad bajo palabra es un privilegio, no un derecho, cuya concesión y administración recae en la JLBP. *Quiles v. Del Valle*, 167 DPR 458, 475 (2006). Este se le otorgará a un confinado cuando sirva al mejor interés de la sociedad y propicie la rehabilitación moral y económica del individuo, según la sana discreción de la JLBP en pro de la más adecuada administración de la justicia. *Íd*. Añadimos que, en la *Exposición de Motivos* de la Ley Núm. 85-2024, se reconoce el derecho de rehabilitación de un confinado, sin embargo, debe prevalecer la seguridad de las víctimas.

Por ello, reiteramos que el estado de derecho excluye expresamente al señor De Jesús del beneficio del privilegio de libertad bajo palabra indistintamente la etapa en que se encuentre su solicitud ante la JLBP, según establece la Ley Núm. 85-2024, *supra*.

Como consecuencia, resolvemos que procede confirmar la *Resolución* recurrida. En vista de esa realidad, resolvemos que no incidió la JLBP al declararse sin jurisdicción.

**IV**.

Por los fundamentos antes expuestos, **CONFIRMAMOS** la *Resolución* recurrida. Igualmente, declaramos No Ha Lugar a la solicitud de desestimación de la Oficina del Procurador General de Puerto Rico de 21 de enero de 2025.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones